**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SALOMON PEREIDO-CANAS,

Defendant-Appellant.

No. 06-2273
(D.C. No. 06-CR-644-BB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Defendant Salomon Pereido-Canas pled guilty to one count of reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2). Pursuant to a plea agreement, he "knowingly waive[d] the right to appeal any sentence within the statutory range applicable to the statute(s) of conviction." Plea Agreement at 5. The statutory

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

maximum sentence was twenty years of imprisonment with a period of supervised release of up to three years. The district court sentenced Mr. Pereido-Canas to fifty-seven months of imprisonment[1] and two years of supervised release. Despite the plea waiver, he filed a notice of appeal.

The government has filed a motion to enforce the plea agreement. Mr. Pereido-Canas' attorney filed a response stating that he "ha[d] carefully reviewed this matter and [could] find no basis for an appeal of the sentence imposed" or to oppose the government's motion to enforce the plea agreement. Response to United States' Motion to Enforce Plea Agreement at 3, 4. Counsel noted that Mr. Pereido-Canas received the sentence he requested and he waived his right to appeal that sentence. *See id.* at 3. This court gave Mr. Pereido-Canas an opportunity to file a pro se response to the motion to enforce. To date, he has not done so.

Nevertheless, we have conducted a review of the plea agreement, plea hearing transcript, sentencing hearing transcript, and motion to enforce. We conclude that the following three factors have been satisfied: (1) "the disputed appeals falls within the scope of the waiver of appellate rights"; (2) Mr. Pereido-Canas "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice."

---

[1] The applicable advisory guidelines sentencing range was fifty-seven to seventy-one months. Sentencing Tr. at 9.

*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (per curiam)

(en banc).  Accordingly, we conclude that Mr. Pereido-Canas's waiver of his right

to appeal is enforceable.[2]

We therefore GRANT the government's motion to enforce the appeal

waiver and DISMISS the appeal.  The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM

---

[2]  Although Mr. Pereido-Canas' counsel states that there is no basis for an appeal, counsel does indicate that Mr. Pereido-Canas would argue that his fifty-seven month sentence was unfair and too long and that the enhancement based on a prior felony sale-of-marijuana conviction amounts to double punishment.  Mr. Pereido-Canas, however, waived his right to make these arguments.  In his plea agreement, he agreed not to "seek a downward adjustment . . . from the applicable sentencing guidelines offense level or criminal history category as determined by the Court."  Plea Agreement at 4.  This waiver included any claim that the criminal history category overstated the seriousness of his prior criminal history.  *Id.*